UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>ESLIE</small> M<small>C</small>C<small>LURE</small>,

    Plaintiff,

    v.

G<small>RETCHEN</small> W<small>HITMER</small>, et al.,

    Defendants.

Case No. 2:21-cv-10765

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### I. I<small>NTRODUCTION</small>

Leslie McClure, who is confined at the Genesee County Jail as a pretrial detainee, filed this pro se civil rights action under 28 U.S.C. § 1983. ECF No. 1. The complaint names Michigan Governor Gretchen Whitmer, Genesee Circuit Judge Christopher Odette, Genesee Sheriff Christopher Swanson, and Genesee District Judge Vikki Bayeh-Haley as Defendants. *See id.* Plaintiff claims that Defendants are violating his speedy trial and other constitutional rights by delaying his state criminal case while holding him in custody because of the COVID-19 pandemic. *Id.* at PageID.4–5. The complaint seeks $4,500,000 in damages for his unlawful detention. *Id.* at PageID.6. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

1

Plaintiff does not state how long he has been detained at the Genesee County Jail nor does he provide the charges for which he is being held for. He asserts that on or about March 10, 2020, the Governor issued an emergency order, and that as a result of that order, the Genesee courts have suspended hearings and trials. *Id.* at PageID.4. Plaintiff asserts that his probable cause hearing has been routinely adjourned since June 2020 as a result of the state's emergency orders. *Id.*

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss a prisoner's action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, this Court may dismiss a complaint before service on a defendant if it is satisfied that the action: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if, while

viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

### III. DISCUSSION

Here, Plaintiff asserts that he has been held as a pretrial detainee for an unconstitutionally long period of time by virtue of the state's emergency orders arising out of the COVID-19 pandemic. Because his claims concern an ongoing state criminal prosecution, Plaintiff's present complaint is subject to dismissal for failure to state claims upon which relief may be granted under 28 U.S.C. § 1983.

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), rather than the validity of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal; expunged by executive order; declared invalid by a state tribunal; or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought. *Id*. at 487–89.

As relevant here, *Heck* applies to civil rights actions filed by pretrial detainees. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citation omitted); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (noting that *Heck* applies to pending charges); *Reese v. Gorcyca*, 55 F. App'x. 348, 349 (6th Cir. 2003).

If Plaintiff was to prevail on his claims in this present action, his continued confinement as a pretrial detainee would be called into question. Consequently, his claims concerning the fact and duration of his detention on account of his pending criminal prosecution in state court are barred by *Heck* and must be dismissed.

## IV. ORDER

For the reasons articulated above, it is **HEREBY ORDERED** that the present complaint is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS SO ORDERED**.

Dated: May 25, 2021

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Leslie McClure, No. 161384, Genesee County Jail, 1002 South Saginaw, Flint, Michigan 48502 on May 25, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk